UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**ANDREW SAMUEL COON,**

    **Plaintiff,**

v.                                          Case No. 6:11-cv-00657

**ABRAXAS YOUTH & FAMILY SERVICES,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 23, 2011, the plaintiff, proceeding *pro se*, filed a complaint in which he asks the court for "a Civil Judgment of 2.5 million dollars for lost wages, mental damages, violation of habeas corpus, emotional damages and negligence." (Complaint, ECF No. 2, at 2.) He alleges that in 2004-2007, while the plaintiff was in the custody of the defendant, he was ill-treated. *Id.* at 1.

This case is assigned to the Hon. Joseph R. Goodwin, Chief Judge, and referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition. (ECF No. 4.) For reasons set forth below, this case should be dismissed with prejudice and the plaintiff's application to proceed without prepayment of fees and costs should be denied.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a case where a plaintiff seeks to proceed without prepayment of fees, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements for stating a proper claim for relief: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." *Fed. R. Civ. P.* 8(a) (2011).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."

2

Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The court must "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint must also demonstrate the grounds for the federal court's jurisdiction. Because the plaintiff is proceeding pro se, the court is obliged to construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A district court may dismiss a matter at any time if it appears that the court lacks subject matter jurisdiction. See, e.g., Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983).

The plaintiff's complaint has no short and plain statement of the court's jurisdiction. Reading the allegations of the complaint liberally and as true, it appears that the plaintiff is charging that he was mistreated while he was in the custody of the Abraxas facility at Shelby, Ohio, and that he was released in 2007. The undersigned assumes that he is attempting to state a claim for violation of his civil rights by staff at Abraxas Youth & Family Services, and that he was at the Abraxas facility as a result of a court order (although that is not clear).

A website, www.abraxasyfs.com, describes Abraxas as

3

> a leading provider of innovative and quality treatment programs for youth, adults and families. For almost 40 years, Abraxas has contracted with various county and state agencies for the operation of residential, community-based, detention/shelter services and alternative educational programming. We offer specialized services for hard-to-place juvenile populations including fire setters, sexual offenders and habitual offenders in addition to general specific programming for females in need of treatment.

Putting aside any issue with respect to venue, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has waited too long to bring this action and the statute of limitations has expired. It is well-established that civil rights cases filed in federal court follow the analogous state limitation. Blanck v. McKeen, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries. W. Va. Code § 55-2-12(b)(1981); see McCausland v. Mason County Bd. of Educ., 649 F.2d 278 (4th Cir. 1981; Rodgers v. Corporation of Harpers Ferry, 371 S.E.2d 358 (W. Va. 1988).

Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). Thus the issue is, when did Plaintiff's cause of action accrue? The plaintiff's complaint alleges that in 2004, he was 15 years old, and that he was released in 2007 (presumably when he was 18). Assuming that the statute of limitations began to run in 2007, it has now expired. There is nothing in the complaint to indicate that the plaintiff was under any kind of mental disability from 2007 to the present. He alleges that "not a day that goes by that I do not think about what happened to me while in their care in Shelby, OH." ECF No. 2, at 1. The undersigned proposes that the presiding

District Judge **FIND** that the applicable statute of limitations has expired as to the plaintiff's claims.

### Recommendation

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS,** with prejudice**,** the plaintiff's complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2)(B), and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 1).

### Notice

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 24, 2011

Mary E. Stanley
United States Magistrate Judge